C. G. BAKER v. STATE.

No. 2084.   Decided January 8, 1913.

Rehearing Denied February 5, 1913.

**1.—Game Law—Killing Deer—Date of Offense.**

Where, upon trial of unlawfully killing a wild deer, the evidence sufficiently fixed the date of the offense and that the deer was killed out of season, the conviction was sustained.

**2.—Same—Evidence—Self-serving Declarations.**

Upon trial of unlawfully killing a wild deer, there was no error in excluding the self-serving declarations of defendant after the commission of the offense.

**3.—Same—Information—Signature.**

In the absence of a bill of exceptions showing that the information was not signed by the county attorney, the same cannot be considered on appeal; besides, the record showed that the information was so signed.

**4.—Same—Charge of Court—Date of Offense.**

In the absence of a bill of exceptions to the court's charge in a misdemeanor case and requested charges thereon, the same cannot be reviewed. However, where the date of the offense could not have misled the jury under the court's charge, there was no error.

Appeal from the County Court of San Saba.   Tried below before the Hon. J. T. Hartley.

Appeal from a conviction of unlawfully killing a wild deer; penalty, a fine of $10.

The opinion states the case.

*N. C. Walker*, for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was charged, by proper complaint and information, with unlawfully killing a wild deer on or about August 1, 1911, within the time from January 1st to November 1st, 1911, convicted and fined $10,—the lowest fine.

The most material question is appellant's contention that the evidence is insufficient to sustain the verdict.   The statement of facts is brief and we have read and studied it several times and have reached the conclusion that the evidence is sufficient to sustain the verdict. The State proved by Will Franklin that he was with appellant when appellant killed a deer at what is known as the Clark tank in A. Behren's pasture in San Saba County, Texas; that they were watching

this tank for deer and one came up; appellant shot it and it ran off about a hundred or two hundred yards east of the tank,—he thinks it was east—and fell dead. They dressed it and took it home with them that night. He says, "I think that this happened sometime in the summer of 1909, about the month of August. It might possibly have been in the year 1910, but I believe that it was in the year 1909." He then shows they went out to the place in a buggy, but couldn't get the buggy on the inside of the pasture, as the pasture gate was locked so that they left the buggy outside and climbed over the fence. He says, "I am sure this was not in 1911 and this was the only time that I was ever with the defendant when he killed a deer," and that deer was the only one, so far as he knew, that defendant ever killed; that they cut the feet off the deer and removed its hide and entrails and left the entrails and feet where it fell.

Anno Bherens and also Otto and Alvin Behrens, three witnesses, each testified that about August 1, 1911, they were out in their father's, A. Behren, pasture, known as the Clark pasture, in which was located a tank known as the Clark tank and that about 5 o'clock that evening they came upon the defendant, who was at the tank; they spoke to him and passed on. Saw no one else with him then; that appellant was at the time standing near a buggy which was close to the tank inside of the pasture; that three or four days after this they came back to this tank looking after some cattle, and their attention was attracted to a bunch of cattle bellowing and pawing about something southwest of the tank about 200 yards; they went to the place and found where a deer had been killed, the blood signs, entrails and three of the deer's feet were still there. The entrails showed to have been pawed around a right smart, but seemed to have been tolerably fresh. All three of these witnesses were positive and certain that this was about the first day of August, 1911, and fixed the time by reason of the fact that they had bought some cattle from Wilson and had just branded them and were watching them to prevent worms from getting in them.

Appellant testified that he was with the witness Franklin when he killed a deer at said tank in 1909; that it was about 10 o'clock at night and a bright moonlight night; that he shot the deer and it ran off about 100 yards east of the tank and fell; that they dressed it where it fell and brought it to town with them that night. He says they left their buggy outside of the pasture and climbed over, because the gate was locked so that they could not get their buggy in; that he had been in said pasture several times during the last two or three years bee hunting and deer hunting; that he did not kill a deer in said pasture in 1911. "It might be possible that I killed one there in 1910, but I think not." That he had not been in that pasture where he and Franklin killed this deer, with his buggy for nearly three years, because the gates were locked.

Anno Behrens testified, in rebuttal, that at the time he saw the deer

feet and entrails in the pasture the gates near the tank were locked; that they began locking them in the latter part of 1909 or first part of 1910, in cold weather, but sometimes left them unlocked when they were riding in the pasture. This is in substance the whole of the testimony. It is perfectly clear therefrom that appellant killed a deer at said tank on or about August 1st. Whether it was in 1909, 1910, or 1911, is the sole question. Appellant and Franklin thought it was in 1909, though each, in substance, testified that it might have been in 1910; they both were positive that it was not in 1911. The three other witnesses were positive that it was in 1911, and they fixed the date by other facts and circumstances. The discrepancy of the location from the tank, where the deer fell, is by no means controlling. Franklin thought it was 100 or 200 yards from the tank and he first said east, then he said he thought it was east. Appellant said it was about 100 yards east from the tank. The Behrens say that it was about 200 yards southwest from the tank. The Behrens show that they did not lock the gates of the pasture near the tank during the summer of 1909, and not until the latter part of 1909, or the first part of 1910, and even then that the gates were sometimes left unlocked when they were riding in the pasture. It is shown by them that they were riding in this pasture at that time; they all three swear that they saw the appellant at the tank on or about August 1, 1911, and he does not dispute that.

It is clear that if he killed the deer in August, 1911, he was clearly guilty, and, we think, the evidence is sufficient to sustain the jury in their finding that the deer was killed by him in August, 1911, but if they were mistaken as to the year, the appellant and the witness Franklin say that while it was in 1909, it might have been in 1910; if it was either 1910, or 1911, the evidence was sufficient to sustain the conviction and in either event, we think, the evidence was sufficient to justify the jury to find,—first, that it was in 1911, and if not, it was in 1910.

The proposed testimony appellant offered by Edwards that he, appellant, had told Edwards that some time in the summer of 1909, that he and Will Franklin had killed a deer the night before at the Clark tank in Behrens' pasture, was properly excluded by the court on the objection of the State that it was hearsay and a self-serving declaration.

It is claimed by appellant, in his motion in arrest of the judgment, that the county attorney had not signed the information herein. This is in no way authenticated by bill of exception, from the court. The information contained in the record is properly signed by the county attorney; so that as the matter appears, the court did not err in overruling his motion in arrest of judgment.

In his motion for new trial appellant complains that the court erred in submitting the case to the jury for a finding, wherein he charged that if they believed from the evidence beyond a reasonable doubt

that he, on or about the 1st day of August, 1911, as charged in the information, and within two years next before the 13th day of May, 1912, killed a wild deer, as charged, to find him guilty, because the period of two years from May 13, 1912, would embrace the time from November 1, 1910, to January 1, 1911, and from November 1, 1911, to January 1, 1912, at which time it was no violation of the law to kill a wild deer. The appellant took no bill of exceptions to this feature of the court's charge and requested no written charge at the time to correct it. Hence, the question is not presented in such a way that we can properly review it. However, all the evidence was directed to the killing of a deer on or about August 1, either of 1909, 1910, or 1911, and no injury could have resulted to appellant because of this mistake by the court in embracing said period of time when it was not unlawful to kill a deer.

The judgment will be affirmed.

*Affirmed.*

[Rehearing denied February 5, 1913.—Reporter.]